GREGORY L. WILDE, ESQ.
Nevada Bar No. 4417
KEVIN S. SODERSTROM, ESQ.
Nevada Bar No. 10235
**WILDE & ASSOCIATES**
212 S. Jones Blvd.
Las Vegas NV 89107
Tel 258-8200
Fax 258-8787

Attorney for Defendants
File No. 10-71136

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Case # BK-S-10-11910-LBR |
| OCTAVIO GUTIERREZ and MARIA T. GUETIERREZ, | Adv Proceeding #10-01119-LBR |
| | Date: September 8, 2010 |
| | Time: 1:30 p.m. |
| OCTAVIO GUTIERREZ and MARIA T. GUTIERREZ, | Chapter 13 |
| Plaintiffs/Debtors, | |
| v. | |
| NATIONAL DEFAULT SERVICING CORPORATION, an Arizona corporation; U.S. BANK, N.A., a foreign business entitiy; DOE INDIVIDUALS I through X, and ROE CORPORATIONS I through X, | |
| Defendants. | |

<u>**DEFENDANTS' MOTION TO DISMISS**</u>

- 1 -

COMES NOW Defendants U.S. Bank, N.A. and National Default Servicing Corporation, ("Defendants") by and through their counsel of record, Gregory L. Wilde, Esq., of Wilde & Associates, and move the above-captioned court to dismiss Plaintiffs' Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BRIEF STATEMENT OF FACTS

This lawsuit pertains to the real property commonly known as 9719 Running Rabbit Street, Las Vegas, Nevada, (the "Subject Property").

Defendant U.S. Bank, N.A., holds a first deed of trust on the subject property securing a loan made to Plaintiffs. (Hereinafter "U.S. Bank").

Defendant National Default Servicing Corporation, ("NDSC"), has a very limited role in regards to this situation. It is the trustee conducting the foreclosure sale as an agent for Defendant U.S. Bank. NDSC does not have any contractual relationship with the Plaintiffs, does not owe Plaintiffs a duty, and had no communications with Plaintiffs except for mailing them the requisite notices pursuant to Nevada foreclosure law.

Plaintiffs are the owners of the subject property but fell in arrears on the monthly mortgage payments resulting in a foreclosure proceeding being initiated. Plaintiffs elected to have a mediation pursuant to the Nevada State Foreclosure Mediation Program.

The mediation was held on October 29, 2009, but the parties could not come to an agreement of modification.

The mediator made two findings as detailed in the Mediator's Statement attached to Plaintiffs' Complaint, Docket 18-1, namely:

**The beneficiary failed to bring to the mediation each document required. No further action is required.**

.....

**Other (Explain)** *Trustee failed to comply with Rule 9(d). Trustee did however participate in good faith.*

(Emphasis added).

The document that US Bank failed to produce at the mediation was an "Assignment" of the Note and Deed of Trust as required by the rules of the Foreclosure Mediation Program. This failure resulted in the denial of a "certificate" for US Bank to continue with the foreclosure process. Attached as exhibit "A" is a copy of the assignment which has since been drafted and obtained by US Bank.

NRS 107 et. seq., AB 149, and their corresponding rules have a "built-in" penalty of requiring a lender to start a foreclosure anew if it fails to supply all necessary documents at the time of the mediation. US Bank cannot proceed with the subject foreclosure and must start anew.

The Defendants did not seek a judicial review of the mediation findings in the Clark County District Court but instead, almost five (5) months later, brought this adversary complaint on March 18, 2010.

## II.

## RELEVANT LAW

Federal Rule of Civil Procedure 12(b)(6), as incorporated by Federal Bankruptcy Rule 7012, allows a party to seek the dismissal of a claim by motion if the movant can demonstrate a claimant's "failure to state a claim upon which relief can be granted."

The Supreme Court of the United States has offered valuable guidance regarding the sufficiency of pleadings in reviewing a motion to dismiss for failure to state a claim upon which relief can be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), the Supreme Court stated:

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A.7 1994), **a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do**, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) **(on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation')**. Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ('[T]he pleading must contain

something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action'),[FN3] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Id.* at 1964-65. (Emphasis added.).

In the event this Court believes that the Defendants have crossed the line into a request for a determination on un-refutable facts, they ask that this Court treat this motion as one brought under Federal Rule of Civil Procedure Rule 56 as incorporated by Bankruptcy Rule 7056. The facts detailed herein cannot be disputed by the Plaintiffs.

## III.
## ARGUMENT

### A. PLAINTIFFS ARE TIME BARRED FROM SEEKING A JUDICIAL REVIEW

Plaintiffs' First Claim for Relief is one for "Judicial Review". Plaintiffs' claim fails in that it only had fifteen (15) days to seek a judicial review of a mediator's findings pursuant to Foreclosure Mediation Rule 6(2). It is undisputed that the Plaintiffs failed to seek a judicial review of the mediator's statement from the Clark County District Court within that time period.

The Plaintiffs waited almost five (5) months before seeking such a review before this Court. Regardless of whether or not this Court has jurisdiction to hear this matter, the failure to meet the fifteen (15) day deadline prohibits such a review.

Furthermore, the Plaintiffs allege that the Defendants acted in "bad faith" and punitive damages should be awarded. Such an allegation is blatantly false and borders on violating Bankruptcy Rule 9011. The mediator's statement attached to the Plaintiffs' complaint specifically states that the Defendants "participated in good faith". There is no reason to disturb the mediator's findings.

### B. PLAINTIFFS CLAIM FOR DECLARATORY RELIEF ALSO FAILS

Plaintiffs' request for Declaratory Relief does not contain any allegations upon which relief can be granted as against Defendants and it also should be dismissed.

Plaintiffs have failed to state any claim against NDSC as the trustee for Defendant US Bank. As a result, this claim should be dismissed against NDSC.

The only claim that US Bank can glean from this cause of action is that it does not have a valid lien. It is a generic and vague claim without any factual basis or merit. As a result, it should be dismissed.

US Bank properly filed a proof of claim in this bankruptcy case on April 12, 2010, as claim number 9. Attached to the claim, and the objection to confirmation filed that same day, are copies of the note and deed of trust. Attached hereto as exhibit "A" is a copy of the assignment to US Bank of these debt instruments.

Bankruptcy Rule 3001(f) is clear that;

**A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.**

The Plaintiffs' complaint does not detail why US Bank would not have a valid lien or claim in this case. The Plaintiffs can not dispute that they received monthly statements from US Bank regarding this mortgage and made payments to US Bank for the same. In fact, Plaintiffs listed US Bank as the only lienholder on the subject property and valued the home at $234,900.00. They also admitted this in paragraph 34 of the Complaint.

Plaintiffs' request for Declaratory Relief must fail if its only allegation is that US Bank allegedly acted in "Bad Faith" at a mediation and therefore its lien should be stripped from the property. This claim clearly fails and should be dismissed.

C. **PLAINTIFFS' OBJECTION TO CLAIM SHOULD ALSO FAIL**

As already detailed, US Bank's filing of its proof of claim is evidentiary proof that it is valid until proven otherwise by Plaintiffs. The evidentiary basis for the claim is also met by the proffering of the note, deed of trust and necessary assignment.

Plaintiffs cannot prove any grounds upon which they are entitled to relief and have no colorable claim.

Further, the relief requested in the Complaint is improper for two reasons; First of all, it is untimely as detailed in argument "A" above. It is the judicial review process, that Plaintiffs have missed, wherein such relief can be granted. Second, there has not been a single ruling by a Nevada Judge reducing principal or interest on a loan. The remedy is extreme in nature and would be a "taking" under the Fifth Amendment.

While the state statute allows for such a remedy, it is designed for lenders that participate in "bad faith" and certainly not for this particular lender wherein a mediator has specifically stated that U.S. Bank "participated in good faith."

IV.

CONCLUSION

Defendants have made a clear showing that none of the claims are claims upon which these Plaintiffs can obtain relief. The claims are untimely and contrary to a specific finding by a Nevada State appointed mediator. They have not basis in fact or law and should be dismissed.

More specifically, NDSC does not have a contractual obligation to these Plaintiffs and it does not have a claim in this bankruptcy. Further, it was not a party to the mediation and acted only as a trustee for the lender. As a result, it should be dismissed from this litigation.

The Plaintiffs' complaint is nothing more than a delay tactic to keep them in the premises without making the necessary monthly payments.

WHEREFORE, Defendants pray that this Court dismiss the complaint, order Plaintiffs to pay the attorneys fees and costs of the Defendants, and for such other relief this Court deems appropriate.

DATED this 2nd day of August, 2010.

                **WILDE & ASSOCIATES**

                /s/ Gregory Wilde, Esq.
                GREGORY L. WILDE, Esq.
                Nevada Bar No.: 4417
                KEVIN S. SODERSTROM, Esq.
                Nevada Bar No.: 10235
                212 South Jones Blvd.
                Las Vegas, Nevada 89107
                (702) 258-8200
                Attorney for Defendants

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:
U.S. Bank Home Mortgage
4801 Frederica Street
Owensboro KY 42301

T&B NO.: 10-71136
APN: 125-05-311-082
MIN NO.:

## CORPORATION ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned corporation hereby grants, assigns and transfers to **U.S. Bank, National Association** all beneficial interest under that certain Deed of Trust dated 07/29/2008 executed by **Octavio Gutierrez and Maria Gutierrez, husband and wife** Trustor, to **Dennis Schwartz** Trustee, and recorded on **07/31/2008** as Instrument No. **200807310002546** on   in Book   Page   of Official Records of Clark County, NV describing the land therein:

**AS PER DEED OF TRUST MENTIONED ABOVE.**

Together with the Note or Notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust

Date: 7/21/10    Effective Date: 03/15/2010

**Mortgage Electronic Registration Systems as nominee for JBJ, LLC DBA Precision Mortgage**

By: Olivia Todd
It's: Assistant Secretary

STATE OF ARIZONA
COUNTY OF MARICOPA

On July 21, 2010, before me, Pamela Cardy, a Notary Public for said State, personally appeared <u>Olivia Todd</u> personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of Arizona that the foregoing is true and correct.

WITNESS my hand and official seal.

Signature *Janice A. Trujillo*

OFFICIAL SEAL
JANICE A. TRUJILLO
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires Nov. 30, 2011

Exhibit "A"